**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 19-cv-1579<br><br>Judge:<br><br>Magistrate Judge: |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| COMMERCIAL CONSTRUCTION INC., an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE

1

CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Brian C. James, and ARNOLD AND KADJAN LLP, complain against Defendant **COMMERCIAL CONSTRUCTION INC.**, an Illinois corporation, as follows:

### Jurisdiction and Venue

1.      Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331, the National Labor Relations Act, 29 U.S.C. Section 186, and federal common law.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.      The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.      The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.      Defendant **COMMERCIAL CONSTRUCTION INC. ("COMMERCIAL")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about April 6, 1999, whereby **COMMERCIAL** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as **"EXHIBIT A."**

### The Agreements

7.      Pursuant to the provisions of the Labor Agreement, **COMMERCIAL** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **COMMERCIAL** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **COMMERCIAL** is required to submit all necessary books and records to Plaintiffs'

auditor for the purpose of determining whether or not **COMMERCIAL** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **COMMERCIAL** to pay liquidated damages, interest, auditor's fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

9.     **COMMERCIAL** has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit all of the required monthly contributions for the period from **November 2018 through January 2019**. In addition, **COMMERCIAL** has breached the provisions of the Labor Agreement and Trust Agreement by failing to timely pay contributions in accordance with the due dates in the Agreements and owes liquidated damages owed on those contributions for certain work months for the period from **November 2018 through January 2019**.

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, **COMMERCIAL** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

11.     Plaintiffs have complied with all conditions precedent in bringing this suit.

12.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **COMMERCIAL**.

13.     **COMMERCIAL** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements and 29 U.S.C. Section 1132(g)(D).

14.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

  (i)     interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.    **COMMERCIAL** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from **October 1, 2015 through the present**;

B.    Judgment be entered against **COMMERCIAL** and in favor of Plaintiffs, in the amount shown to be due under the audit;

C.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

D.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: _/s/ Brian C. James_
        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive., Suite 600
Chicago, Illinois 60601
(312) 236-0415